THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| UNITED STATES OF AMERICA | Case No. 8:24-cv-3723 |
|---|---|
| Plaintiff, | **MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)** |
| vs. | |
| Alphonso A. Tillman | Speedy Trial By An Impartial Jury |
| Defendant | USDC- GREENBELT '25 AUG 11 AM 9:58 |

Before me, the undersigned authority, personally appeared, Alphonso A. Tillman, who, being duly sworn and declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

### MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)

**NOW COMES** Alphonso A. Tillman, one of the People as recognized in the Bill and Declaration of Rights of all fifty states, and pursuant to the 1867 Maryland Constitution and the Declaration of Rights, including but not limited to Article 1, 2, 3, 4, 6, 7, 20, 33, 43, and 45. Exercising my exclusive, indefeasible, indubitable, and inalienable right to reform, alter, or abolish government in such manner as shall be deemed most conducive to the public good, and appearing *sui juris*, hereby respectfully submits this **MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)**, by special appearance and not consenting to jurisdiction, respectfully moving this Court to **dismiss the claims brought under 26 U.S.C. § 7401** for lack of jurisdiction and failure to state a claim upon which relief can be granted. This motion is grounded in fundamental constitutional principles and is brought pursuant to:

A. **Federal Rule of Civil Procedure 12(b)(1)** – lack of subject matter jurisdiction

B. **Federal Rule of Civil Procedure 12(b)(6)** – failure to state a claim

C. **Federal Rule of Civil Procedure 5.1** – constitutional question raised

# I. GROUNDS FOR DISMISSAL

1. **Retroactive Enforcement Violates Due Process**

The government seeks to enforce tax liabilities and impose restitution-based assessments for conduct dating back as far as **2005–2008**, and tax years including **2011–2012, 2014, and 2017–2023**. These enforcement actions rely on **current laws, interpretations, or enforcement practices** that **did not exist** at the time the conduct occurred, violating **basic constitutional protections** against retroactive punishment.

   A. **Fifth Amendment – Due Process Clause:**

   Retroactive civil penalties and financial burdens violate the Fifth Amendment if they are oppressive or punitive. See *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998).

   B. **Landgraf v. USI Film Products**, 511 U.S. 244 (1994):

   A statute does not apply retroactively unless Congress has clearly stated its intent, and even then, due process may prohibit such application if it imposes new liabilities or disrupts settled expectations.

2. **Violation of the Ex Post Facto Clause (Art. I, § 9)**

While traditionally limited to criminal statutes, courts have found that **civil sanctions may fall within ex post facto protections** when they carry punitive effect. Applying laws not in force at the time of the alleged tax conduct may fall under this principle.

3. **Tax Liability Must Be Assessed Against the Company, Not the Individual**

The charges and alleged liabilities described in the Complaint relate to the business activities and accounts of a corporation or entity operated by the Defendant. It is a **fundamental principle of law** that **corporate liabilities are separate and distinct from personal liabilities of individual**

**officers or employees. Piercing the corporate veil requires specific and exceptional circumstances**, none of which are present here. The government must pursue tax liability **against the corporation or business entity itself**, and **not hold the individual personally liable** without clear statutory or contractual grounds.

## II. Assertion of Jurisdictional and Procedural Defect Lack of Notice of Deficiency and Due Process Violation.

1. The Internal Revenue Service (IRS) has failed to issue a valid **Notice of Deficiency** as required under 26 U.S.C. § 6212(a) or Notice of Determination as required under 26 U.S.C. § 6330(d).

2. The issuance of a Notice of Deficiency is a **jurisdictional prerequisite** to assessment and judicial enforcement. Absent such notice, the government's claims are void ab initio and violate Defendant's constitutional right to **due process of law under the Fifth Amendment**.

3. The IRS may not unilaterally assess or collect federal income tax liabilities without first giving the taxpayer **formal written notice and an opportunity to petition the U.S. Tax Court** within 90 days, as mandated by § 6213.

4. Defendant never received:

    A. A valid statutory **Notice of Deficiency** giving him the right to dispute the alleged liabilities in U.S. Tax Court, or

    B. A **Notice of Determination** following any CDP hearing.

5. The IRS's failure to follow required administrative due process procedures — before imposing assessments, liens, or seeking judgment in this Court — renders the government's action **premature, procedurally defective, and constitutionally infirm**.

6. Accordingly, Defendant respectfully requests that this Court:

A. **Dismiss the action** in whole or in part for lack of jurisdiction and due process violations,

B. Or, in the alternative, **require the IRS to produce** any valid Notice of Deficiency or Notice of Determination along with proof of service upon Defendant.

7. Defendant expressly reserves the right to raise additional constitutional objections and procedural defects as they become apparent.

### III. SUPPLEMENTAL DEFENSE: LACK OF NOTICE OF DEFICIENCY – IRREVERSIBLE PROCEDURAL DEFECT

8. Plaintiff, the United States of America, **cannot now issue** a valid Notice of Deficiency under 26 U.S.C. § 6212 because the assessments in question have already been made.

9. It is well-established that **the IRS must issue a Notice of Deficiency prior to assessment**. Once an assessment has occurred without such notice, the IRS **forfeits its authority** to cure the procedural defect retroactively. See *Laing v. United States*, 423 U.S. 161 (1976): "The purpose of the deficiency notice is to give the taxpayer an opportunity for pre-assessment review in Tax Court… Failure to do so deprives the taxpayer of due process."

10. Because Plaintiff has already assessed the taxes and initiated judicial enforcement **without following statutory and constitutional procedures**, any attempt to now issue a notice would be **untimely, unlawful, and ineffective**.

11. Consequently, the assessments and this lawsuit are **void** as a matter of law, and the Court **lacks subject-matter jurisdiction** over this action.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as the constitutional and statutory provisions cited herein, Alphonso A. Tillman respectfully moves this Honorable Court to:

1. **Dismiss the Complaint in its entirety** for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted;

2. Alternatively, **require the United States to produce** a valid Notice of Deficiency or Notice of Determination, along with proof of service, as a jurisdictional prerequisite to further proceedings;

3. Recognize the IRS's failure to comply with constitutional and statutory due process requirements, thereby rendering the assessments and enforcement actions null and void;

4. Grant such **further relief** as this Court deems just and proper under the Constitution and laws of the United States.

*[Signature]*

Autograph of Affiant Alphonso A. Tillman
409 Cano Court
Fort Washington, Maryland 20744

STATE OF MARYLAND

Alphonso A. Tillman came before me Arisuethd Jannet Cardenas Zavala known to me by sharing his / her State ID subscribed and sworn to me and I Arisuethd Jannet Cardenas Zavala have the authority to take that oath on this 11th day of August, 2025.

Notary (Seal)   Notary Signature: Arisuethd Cardenas 8/11/2025

ARISUETHD JANNET CARDENAS ZAVALA
Notary Public
Prince George's County, Maryland
My Commission Expires 5/1/2027

## CERTIFICATE OF SERVICE

I, Alphonso A. Tillman have certified that I have this day file to the Clerk Of Court and Joycelyn S. Peyton delivery with this **MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6)** by Mail to 6500 Cherrywood Ln, Greenbelt, MD 20770 and P.O.BOX 227 Washington, DC 20044.

_____
Autograph of Affiant Alphonso A. Tillman
409 Cano Court
Fort Washington, Maryland 20744