THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| UNITED STATES OF AMERICA | Case No. 8:24-cv-3723 |
|---|---|
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** |
| vs. | |
| Alphonso A. Tillman | |
| Defendant | Speedy Trial By An Impartial Jury |

Before me, the undersigned authority, personally appeared, Alphonso A. Tillman, who, being duly sworn and declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. CIV. P. 12(b)(1) AND 12(b)(6)

NOW COMES Alphonso A. Tillman, one of the People as recognized in the Bill and Declaration of Rights of all fifty states, and pursuant to the 1867 Maryland Constitution and the Declaration of Rights, including but not limited to Article 1, 2, 3, 4, 6, 7, 20, 33, 43, and 45, exercising his exclusive, indefeasible, indubitable, and inalienable right to reform, alter, or abolish government in such manner as shall be deemed most conducive to the public good, and appearing *sui juris*, by special appearance and not consenting to jurisdiction, and respectfully submits this Memorandum of Law in support of his **Motion to Dismiss** under:

A. **Rule 12(b)(1)** – Lack of subject matter jurisdiction;

B. **Rule 12(b)(6)** – Failure to state a claim upon which relief may be granted;

C. **Rule 5.1** – Raising constitutional questions.

## I. INTRODUCTION

The government seeks to impose tax liabilities and penalties under 26 U.S.C. § 7401 for conduct occurring over a broad time span — from 2005 through 2023 — without adhering to mandatory

statutory and constitutional prerequisites. This memorandum sets forth the legal grounds for

dismissal, including violations of the Fifth Amendment Due Process Clause, improper

retroactive enforcement, ex post facto concerns, and fatal procedural deficiencies such as failure

to issue valid Notices of Deficiency or Determination.

## II. LEGAL STANDARD

### A. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

A court must dismiss a complaint if it lacks jurisdiction over the subject matter. Fed. R. Civ. P.

12(b)(1); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Federal courts are

courts of limited jurisdiction, and a plaintiff must establish jurisdiction as a threshold matter.

### B. Rule 12(b)(6) – Failure to State a Claim

To survive dismissal under Rule 12(b)(6), a complaint must allege facts sufficient to state a

plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Threadbare

allegations or claims unsupported by legal authority must be dismissed.

## III. ARGUMENTS FOR DISMISSAL

### 1. Retroactive Enforcement Violates Due Process

The government seeks to apply current enforcement mechanisms to conduct occurring as early as

2005. Such retroactive application of law is constitutionally infirm.

A. **Fifth Amendment – Due Process Clause**

The Supreme Court has held that retroactive civil penalties may violate due process when

they are oppressive. *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998).

B. **Landgraf v. USI Film Products**, 511 U.S. 244 (1994):

No statute may apply retroactively absent clear congressional intent. Even when such

statutory and constitutional prerequisites. This memorandum sets forth the legal grounds for dismissal, including violations of the Fifth Amendment Due Process Clause, improper retroactive enforcement, ex post facto concerns, and fatal procedural deficiencies such as failure to issue valid Notices of Deficiency or Determination.

## II. LEGAL STANDARD

### A. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

A court must dismiss a complaint if it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Federal courts are courts of limited jurisdiction, and a plaintiff must establish jurisdiction as a threshold matter.

### B. Rule 12(b)(6) – Failure to State a Claim

To survive dismissal under Rule 12(b)(6), a complaint must allege facts sufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Threadbare allegations or claims unsupported by legal authority must be dismissed.

## III. ARGUMENTS FOR DISMISSAL

### 1. Retroactive Enforcement Violates Due Process

The government seeks to apply current enforcement mechanisms to conduct occurring as early as 2005. Such retroactive application of law is constitutionally infirm.

A. **Fifth Amendment – Due Process Clause**

The Supreme Court has held that retroactive civil penalties may violate due process when they are oppressive. *Eastern Enterprises v. Apfel*, 524 U.S. 498 (1998).

B. **Landgraf v. USI Film Products**, 511 U.S. 244 (1994):

No statute may apply retroactively absent clear congressional intent. Even when such

B. The Defendant never received:

(A) A valid statutory Notice of Deficiency under § 6212, or

(B) A Notice of Determination under § 6330(d) following a Collection Due Process (CDP) hearing.

*2. IRS's Action Is Constitutionally Infirm*

The Fifth Amendment protects against deprivations of property without due process. Assessments and liens issued without statutory notice and opportunity to be heard violate this right.

## VI. SUPPLEMENTAL ARGUMENT: IRREVERSIBLE PROCEDURAL DEFECT

Once the IRS makes an assessment **without first issuing a Notice of Deficiency**, the procedural defect cannot be cured retroactively.

A. **Laing v. United States**, 423 U.S. at 176:

"The purpose of the deficiency notice is to give the taxpayer an opportunity for pre-assessment review in Tax Court... Failure to do so deprives the taxpayer of due process."

B. Because assessments have already occurred, any attempt to issue notices now would be unlawful and ineffective.

Thus, this Court lacks **subject-matter jurisdiction**, and the Complaint must be dismissed as a matter of law.

## VII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court:

1. **Dismiss the Complaint in its entirety** pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6);

2. Alternatively, **require the Plaintiff to produce** any valid Notice of Deficiency or Determination, along with proof of proper service;

3. Declare the assessments and this action **void for lack of jurisdiction and due process violations**; and

4. Grant **any other relief** this Court deems just and proper.

Autograph of Affiant Alphonso A. Tillman
409 Cano Court
Fort Washington, Maryland 20744

STATE OF MARYLAND

Alphonso A. Tillman came before me ___Arisuethd Jannt Cardens Zavala___ known to me by sharing his / her State ID subscribed and sworn to me and I ___Arisuethd Jannt Cardens Zavala___ have the authority to take that oath on this 11th day of August, 2025.

Notary (Seal)

ARISUETHD JANNET CARDENAS ZAVALA
Notary Public
Prince George's County, Maryland
My Commission Expires 5/1/2027

Notary Signature: ___Arisuethd Cardenas___

### CERTIFICATE OF SERVICE

I, Alphonso A. Tillman have certified that I have this day file to the Clerk Of Court and Joycelyn S. Peyton delivery with this **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** by Mail to 6500 Cherrywood Ln, Greenbelt, MD 20770 and P.O.BOX 227 Washington, DC 20044.

Autograph of Affiant Alphonso A. Tillman
409 Cano Court
Fort Washington, Maryland 20744