IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 8:24-CV-3723-ABA |
| ALPHONSO A. TILLMAN, | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS AND MOTION TO BE HEARD**

This Court should deny Plaintiff Alphonso Tillman's Motion to Dismiss and Motion to Be Heard and direct the Clerk of the Court to enter judgement against him for his unpaid federal income tax and restitution-based liabilities[1] because Tillman failed to timely answer the Government's Complaint and has not met his burden to show why the Clerk's entry of default against him should be vacated.

**BACKGROUND**

On December 23, 2024, the United States filed suit against Alphonso Tillman to obtain a judgment under 26 U.S.C. § 7401 for unpaid federal income tax assessments for tax years 2011-2012, 2014, and 2017-2023 and for restitution-based assessments (RBAs) for quarterly tax periods from June 30, 2005 to December 31, 2008. ECF. No. 1, Compl.

---

[1] The United States has filed a Request for Default Judgment under Rule 55(b) contemporaneously with this Opposition. *See* ECF. No.16.

Tillman was personally served with a copy of the Complaint and Summons on March 12, 2025 and his Answer was accordingly due on April 2, 2025. *See* ECF. No. 7. When Tillman failed to answer or otherwise respond to the Complaint, the Clerk entered default against him on May 14, 2025 and sent notice to him of said default on the same day. ECF. Nos. 9, 10.

Five months after he was served and three months after he received notice of default, Tillman filed a Motion to Dismiss, a Motion to be Heard, and a Judicial Notice of Adjudicative Facts on August 11, 2025. ECF. Nos. 11, 12, 13. In them, Tillman argues this Court lacks jurisdiction, that the Complaint fails to state a claim for which relief can be granted, and that his constitutional rights to due process have been violated. *Id.* This Court should deny Tillman's motions and strike his Judicial Notice because he has not answered the Government's Complaint nor provided any explanation as to why he failed to submit a timely response.

**ARGUMENT**

Tillman has not satisfied his burden to explain why he failed to answer or otherwise respond to the Government's Complaint five months ago when was served. This Court should accordingly deny Tillman's motions and order the Clerk of the Court to enter judgment against him.

At the outset, the Government notes that Tillman has not moved this Court to vacate the entry of default. He has thus failed to satisfy even the bare minimum for seeking relief from this Court. *See* Fed. R. Civ. P. 55(c)(providing that Court "may set aside an entry of default for good cause").

Nonetheless, to the extent Tillman's pro se filings may be seen as an implicit request to set aside the entry of default, District Courts consider six factors when deciding such requests: (i) whether the moving party has a meritorious defense, (ii) whether the movant acted with reasonable promptness, (iii) the personal responsibility of the defaulting party, (iv) the prejudice to the opposing party, (v) whether there is a history of dilatory action, and (vi) the availability of less drastic sanctions. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citation omitted); s*ee also* Fed. R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default."). On balance, these factors weigh against vacating the default against Tillman.

The first factor of a meritorious defense is one of only two factors that may weigh in Tillman's favor. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988)). While the moving party is not required to conclusively prove he would prevail, he must nevertheless present evidence "which, if believed would permit either the Court or the judge to find for the defaulting party." *Wainwright's Vacations, LLC*, 130 F. Supp. 2d at 718 (quoting *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)).

Here, the Government's Complaint alleges that a delegate of the Secretary of the Treasury assessed income tax liabilities against Tillman based on federal income tax

liabilities that he self-reported on his federal tax returns for tax years 2011-2012, 2014, and 2017-2023, and that he is accordingly indebted the United States in the amount of $345,223. Compl. ¶ 5. The Complaint further alleges Tillman plead guilty to failure to account for and pay over federal employment taxes under 26 U.S.C. § 7202, was sentenced to 24 months in prison and required to pay restitution in the total amount of $2,205,991.00. Compl. ¶¶ 11, 12. His failure to pay virtually any of the amount due has resulted in a restitution-based liability of $2,089,351. *Id.* at ¶¶ 13-14.

In his Motion to Dismiss, Tillman claims he never received a Notice of Deficiency.[2] MTD at 3. Under 26 U.S.C. § 6213(a), the Internal Revenue Service (IRS) is "prohibited from assessing a deficiency unless it first issues a notice of deficiency to the taxpayer." *Singleton v. United States*, 128 F.3d 833, 835 (4th Cir. 1997). Thus, if proven true, at least with respect to the income tax liabilities, the IRS's assessments could be held invalid and Tillman would not be liable.

However, Tillman has not presented any "evidence" in support of his claim as required by the rule. *Wainwright's Vacations, LLC*, 130 F. Supp. 2d at 718. Thus, the only thing before this Court is Tillman's bare assertion that he did not receive a Notice of Deficiency. Even if the Government were to concede the difficulty in proving a negative, Tillman would have presumably known back in April that he never received a Notice of Deficiency for the alleged liabilities. Yet, he again makes no effort to explain

---

[2] Tillman makes other arguments in his Motion to Dismiss that appear to be facially meritless, thus the Government only addresses the notice of deficiency argument that has the most potential as a litigable issue. *See, e.g.* ECF. No. 11-1, Memo ISO MTD at 2 (arguing the Government cannot "apply current enforcement mechanisms to conduct occurring as early as 2005").

4

why he delayed in making this argument five months ago when his answer was due. Further, Tillman does not present any defense or evidence as to Count II of the Government's claim for restitution-based liabilities.

The remaining factors each weigh against Tillman. As to the second factor, Tillman has not acted with reasonable promptness. As stated above, Tillman's deadline to respond to the Government's complaint lapsed five months ago and he has made no effort to explain why he did not submit a timely answer. In fact, rather than moving this Court to vacate the entry of default, he has instead simply moved to dismiss the Government's complaint as if compliance with Federal Rule of Civil Procedure 12(a) is optional. It is not. *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant *must* serve an answer within 21 days after being served with the summons and complaint.") (emphasis added).

The third factor, which essentially asks "whether the defaulting party is 'ultimately responsible' for failing to respond" also weighs in favor of the Government. *Head v. Modine Mfg. Co.*, No. 6:23-CV-00029, 2023 WL 5303694, at *3 (W.D. Va. Aug. 17, 2023) (citation omitted). Here again, Tillman was personally served with the Complaint and Tillman's filings fail to explain how someone else could have been responsible for his failure to respond.

The fourth relevant factor of whether the non-moving party will be prejudiced if the Court vacated the default is arguably neutral or weighs in the Government's favor. "Delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. Instead, courts look to whether the delay: "(1) made it impossible for the

5

non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (citation omitted).

In this case, Tillman's delay might have hampered the Government's ability to complete discovery insofar as witness memories and documents in witness possession may have been lost or destroyed over time. However, based on the information currently in its possession, the Government does not contend it has been prejudiced based on any of the other relevant factors.

The fifth factor of whether there is a history of dilatory action is also arguably neutral or weighs against Tillman. *See Payton v. Guallart*, No. 3:22-CV-00042, 2022 WL 16636937, at *6 (W.D. Va. Nov. 2, 2022) ("Courts often look to whether there are other instances of dilatory action on the part of the defaulting party as a factor to determine whether setting aside entry of default is warranted.") (citation omitted). This case is essentially still at its outset and thus the only dilatory action about which the Government is aware is Tillman's failure to timely respond to its Complaint. The Government notes again, however, that Tillman's filings are entirely devoid of detail regarding *why* he failed to timely respond and *when* he became aware of his duty to respond if it was not when he was served with the Complaint. There might therefore be other instances of delay that Tillman has not given the Government or this Court an opportunity to consider. Tillman should not be allowed to benefit from his failure to

explain his delay with this factor weighing in his favor. Accordingly, at best, this factor should be considered neutral.

Finally, the sixth factor – the availability of less drastic sanctions – potentially weighs in Tillman's favor. Courts have consistently held that attorney's fees and costs is an appropriate, less drastic sanction. *See Colleton Preparatory Acad., Inc*, 616 F.3d at 418 (noting that attorney's fees was a less drastic sanction); *Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) (same). Although the Government contends that, on balance, the factors weigh in the Government's favor of entry of default judgement, the Government sees no reason why attorney's fees and costs could not be imposed in this case. The Government notes, however, that Tillman is indebted to the United States for approximately $2.5 million, which he has to date made almost no effort to pay. A further judgment for attorney's fees and costs has the significant possibility of being a sanction the Government will never realize.

*//*

*//*

WHEREFORE, this Court should deny Alphonso Tillman's Motion to Dismiss and Motion to be Heard and order the Clerk to enter default judgment against him for his failure to respond to the Complaint.

Dated: September 10, 2025

Respectfully submitted,

*s/ Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-6576 (v)
202-514-6866 (f)
Joycelyn.S.Peyton@usdoj.gov

### CERTIFICATE OF SERVICE

It is hereby certified that service of the United States' **Opposition to Plaintiff's Motion to Dismiss** has been made on September 10, 2025 via the U.S. Postal Service first class mail to Alphonso Tillman at 409 Cano Court, Ft. Washington, MD 20744.

/s/ *Joycelyn S. Peyton*
JOYCELYN S. PEYTON