HD

Rcv'd by: _____

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 8:24-cv-3723 |
| Plaintiff, | **DEFENDANT'S CONSTITUTIONAL RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| Alphonso A. Tillman | Speedy Trial By An Impartial Jury |
| Defendant | |

Before me, the undersigned authority, personally appeared, Alphonso A. Tillman, who, being duly sworn and declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

### *DEFENDANT'S CONSTITUTIONAL RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT*
*(Constitutional Objection Based on Lack of Notice of Deficiency and Notice of Determination)*

COMES NOW, Defendant **Alphonso Tillman**, appearing **pro se**, and submits this Constitutional Response in opposition to Plaintiff's request that this Court enter default judgment against him. This Response is limited solely to the constitutional and statutory violations arising from the Government's failure to issue a **Notice of Deficiency** under 26 U.S.C. § 6212 and a **Notice of Determination** under 26 U.S.C. § 6330 prior to pursuing judicial collection of alleged tax liabilities and restitution-based assessments.

**I. DUE PROCESS VIOLATION UNDER THE U.S. CONSTITUTION**

1. The **Fifth Amendment** to the United States Constitution guarantees that **"[n]o person shall... be deprived of life, liberty, or property, without due process of law."** Before the Government can assess or collect alleged tax liabilities or restitution-based assessments, it must satisfy the statutory procedures designed to ensure due process.

*A. No Valid Notice of Deficiency Issued – § 6212*

2. The Government's claim for federal income tax liability from tax years 2011–2012, 2014, and 2017–2023 is invalid as a matter of constitutional law and statutory compliance because the IRS failed to issue a **Notice of Deficiency** as required by **26 U.S.C. § 6212**.

3. The U.S. Court of Appeals for the Fourth Circuit has affirmed that a deficiency may not be assessed unless and until a Notice of Deficiency is issued. *Singleton v. United States*, 128 F.3d 833, 835 (4th Cir. 1997).

4. The issuance of such notice is not a mere formality; it is a **jurisdictional prerequisite** to the assessment and collection of alleged deficiencies outside of judicial tax court proceedings.

5. The purpose of the notice is to give the taxpayer a meaningful opportunity to challenge the alleged liability before assessment or collection actions commence, thereby protecting fundamental due process rights.

Without a valid Notice of Deficiency:

a. The alleged "assessment" is **procedurally defective**.

b. This Court lacks **subject matter jurisdiction** over any assessment-based claim pursuant to § 7401, because the alleged debt is not validly established.

c. The Defendant was denied the opportunity to petition the U.S. Tax Court, a forum guaranteed to him by statute and protected under the due process clause.

6. The Government's response merely asserts that Tillman made a "bare assertion" of this fact but fails to rebut the substance: **no Notice of Deficiency has been presented** to this Court. If such notice exists, it is in the Government's custody, and its absence from the record should be construed in Defendant's favor.

### B. No Valid Notice of Determination Issued – § 6330

6. Similarly, with regard to any **collection** or **levy** attempts related to either alleged tax deficiencies or restitution-based assessments (RBAs), the IRS is required under **26 U.S.C. § 6330(a)** to issue a **Notice of Determination** and offer the taxpayer a **Collection Due Process (CDP) hearing**.

7. This mandatory administrative procedure serves as a further constitutional safeguard, and its absence constitutes a **denial of due process**.

8. The Government has not alleged, nor shown, that any **Notice of Determination** was issued. The failure to comply with § 6330 is fatal to any claim for judicial enforcement or collection under 26 U.S.C. § 7401. The right to a pre-deprivation hearing before a neutral forum is well-established in constitutional law. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).

## II. SUBJECT MATTER JURISDICTION DEPENDS ON STATUTORY COMPLIANCE

9. Federal courts are courts of limited jurisdiction. The IRS's failure to issue the required notices deprives this Court of jurisdiction to entertain the Government's Complaint.

   a. The **deficiency claim** is not ripe for enforcement in the absence of a valid Notice of Deficiency.

   b. The **restitution-based liability** cannot be enforced through administrative means or judicial collection without first complying with § 6330's due process requirements.

10. Thus, the Complaint fails to state a claim upon which relief can be granted, and **entry of default judgment would amount to judicial endorsement of a constitutional violation**.

## III. DEFAULT CANNOT CURE A JURISDICTIONAL OR CONSTITUTIONAL DEFECT

11. The Government's reliance on Defendant's failure to file a timely answer cannot override the **constitutional defects** in the Complaint. "[T]he entry of default judgment must be

supported by well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

12. Well-pleaded facts **must** include facts sufficient to establish jurisdiction and compliance with procedural due process. The absence of Notices of Deficiency and Determination renders any such factual allegations **legally insufficient** to support default judgment.

## IV. RELIEF

WHEREFORE, based solely on the violations of Defendant's constitutional rights under the **Fifth Amendment** and the Government's failure to comply with mandatory notice provisions under **26 U.S.C. §§ 6212 and 6330**, Defendant respectfully requests that this Court:

1. **Deny** Plaintiff's Motion for Default Judgment;
2. **Dismiss** the Complaint for lack of subject matter jurisdiction;
3. **Declare** the alleged tax liabilities and restitution-based assessments unenforceable unless and until the Government demonstrates compliance with constitutional due process and statutory notice requirements;
4. Grant any further relief the Court deems just and proper.

Autograph of Affiant Alphonso A. Tillman<br>
409 Cano Court<br>
Fort Washington, Maryland 20744

STATE OF MARYLAND

Alphonso A. Tillman came before me _Kevin Hilton_ known to me by sharing his / her State ID subscribed and sworn to me and I _Kevin Hilton_ have the authority to take that oath on this _12th_ day of September, 2025.

Notary (Seal)        Notary Signature: _____

KEVIN D HILTON
Notary Public - State of Maryland
Prince George's County
My Commission Expires Dec 10, 2027

**CERTIFICATE OF SERVICE**

I, Alphonso A. Tillman have certified that I have this day file to the Clerk Of Court and Joycelyn S. Peyton delivery with this **DEFENDANT'S CONSTITUTIONAL RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** by Mail to 6500 Cherrywood Ln, Greenbelt, MD 20770 and P.O.BOX 227 Washington, DC 20044.

_____
Autograph of Affiant Alphonso A. Tillman
409 Cano Court
Fort Washington, Maryland 20744